Being unable to agree with the majority's rationale for reversing the decision of the trial court, I write separately.
In addressing defendant's second assignment of error, the majority concludes that the trial court erred in not setting forth its analysis for finding defendant to be a sexual predator. Contrary to the majority's conclusion, the trial court's failure to specify the factors and evidence it considered in making a determination under R.C. Chapter 2950 is not error. State v. Cook
(1998), 83 Ohio St.3d 404, 426 (holding that R.C. 2950.09(B)(2) "does not require the court to list the criteria, but only to `consider all relevant factors including' the criteria set out in R.C. 2950.09(B)(2) in making his or her findings"); State v. Maser
(Apr. 20, 1999), Franklin App. No. 98AP-689, unreported (affirming trial court's sexual predator determination while judgment entry simply stated that "[t]he state has proved by clear and convincing evidence that you are a sexual predator," not indicating any reasons for that finding). I thus would overrule the second assignment of error. As a result, determination of defendant's appeal lies in resolution of his first assignment of error.
Unlike the majority, I do not find State v. Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported, to resolve the issue. Unlike Bailey, the trial court had nothing before it but the indictment and the judgment entry from defendant's underlying conviction.
Moreover, although R.C. 2950.09(B)(1) provides that the prosecutor may testify at sexual predator hearings, the assistant prosecutor here did not purport to testify, but simply relayed information to the judge regarding the factors set forth in R.C.2950.09(B)(2). Indeed, the assistant prosecutor's testifying may raise ethical questions regarding his ability to continue to serve as counsel at the hearing.
The judge, however, failed even to specify the recollected information that the judge considered in reaching a determination of defendant's sexual predator status. While a trial judge may be able to rely on the judge's recollection of trial facts in a sexual predator hearing that closely follows the trial, the six-year gap here renders that inappropriate.
Because the trial court premised its decision on nothing but (1) the indictment and judgment entry, (2) information which the prosecution related to the trial judge under the various factors set forth under R.C. 2950.09(B)(2), and (3) the judge's own recollection of the facts presented at the plea proceedings, the proceedings before the trial court to determine defendant's sexual predator status were insufficient. Accordingly, I would sustain the first assignment of error, reverse the judgment of the trial court and remand for further proceedings to determine defendant's sexual predator status, including a ruling on the admissibility of other evidence proffered but not considered by the trial judge.